JRO:mes 24007 \pleading\24007AnswertoAmended

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL DeCICCO | : | |
| | : | |
| VS. | : | C.A. NO. 05-11965-JLT |
| | : | |
| CAMPANALE & SONS, INC. and F/V BARBARA ANN, INC. | : | |

**AMENDED ANSWER OF DEFENDANTS CAMPANALE & SONS, INC. AND F/V BARBARA ANN, INC.**

1. Unknown.

2. Admitted.

3. Denied. The defendant, F/V Barbara Ann, Inc., is a d/b/a of the corporation, Campanale & Sons, Inc. Campanale & Sons, Inc., is a Rhode Island corporation, that operates the vessel, employed the plaintiff, and owns the *F/V Barbara Ann*.

4. Denied.

5. The F/V Barbara Ann, Inc., as a d/b/a of Campanale & Sons, Inc., did not and does not do business within the Commonwealth of Massachusetts.

6. Admitted.

7. Denied. Michael DeCicco is employed by Campanale & Sons, Inc., and worked aboard its vessel, *F/V Barbara Ann*. F/V Barbara Ann, Inc., is a d/b/a of Campanale & Sons, Inc. Defendant Campanale & Sons, Inc., admits that it owns, operates and controls *F/V Barbara Ann* and that plaintiff was its employee on the date in question.

8. Admitted.

9. Denied. On or about October 19, 2002, Michael DeCicco was employed by the defendant, Campanale & Sons, Inc., as a seaman and member of the crew of the *F/V Barbara Ann*.

10. Admitted.

11. Denied. Campanale & Sons, Inc., owned the vessel *F/V Barbara Ann* and operates it under the d/b/a of F/V Barbara Ann, Inc.

12. Denied. The F/V Barbara Ann, Inc., as a d/b/a of Campanale & Sons, Inc., did not and does not do business within the Commonwealth of Massachusetts.

13. Denied. The F/V Barbara Ann, Inc., as a d/b/a of Campanale & Sons, Inc., did not and does not do business within the Commonwealth of Massachusetts.

14. Admitted.

15. Denied. *F/V Barbara Ann* was owned and operated by Campanale & Sons, Inc., although F/V Barbara Ann, Inc., was a d/b/a operating as F/V Barbara Ann, Inc.

16. Admitted.

17. Denied. Campanale & Sons, Inc., owned, operated, and controlled the *F/V Barbara Ann*, and its operations were by a d/b/a of Campanale & Sons, Inc.

18. Admitted.

19. Admitted.

20. Denied.

21. Admitted. However, defendants plead venue is properly found in the District of Rhode Island under 28 U.S.C. §1404.

22. Admit subject matter jurisdiction but deny that the action is properly brought in the District of Massachusetts, as it should be brought in the District of Rhode Island.

**COUNT I**
***Michael DeCicco v. Campanale & Sons, Inc.***
***(Jones Act Negligence)***

23. The defendant repeats its responses set forth in paragraphs 1 through 22.

24. Denied.

25. Admit the occurrence of an injury, treatment, medical expenses, and some wage loss, and deny the remaining allegations.

26. Admitted. However, defendants plead venue is properly found in the District of Rhode Island under 28 U.S.C. §1404.

WHEREFORE, defendant, demands judgment against plaintiff.

**COUNT II**
***Michael DeCicco v. Campanale & Sons, Inc.***
***(General Maritime Law - Unseaworthiness)***

27. The defendant repeats its responses set forth in paragraphs 1 through 26.

28. Denied.

29. Admit the existence of an injury on the day alleged and deny the remaining allegations.

30. The defendant denies this statement as it is phrased as a request for admissions, as opposed to an allegation. To the extent it is an allegation, admit subject matter jurisdiction but deny that the action is properly brought in the District of Massachusetts, as it should be brought in the District of Rhode Island.

WHEREFORE, defendant, demands judgment against plaintiff.

**COUNT III**
***Michael DeCicco v. Campanale & Sons, Inc.***
***(General Maritime Law - Maintenance and Cure)***

31. The defendant repeats its responses set forth in paragraphs 1 through 30.

32. Denied.

WHEREFORE, defendant, demands judgment against plaintiff.

**COUNT IV**
***Michael DeCicco v. Campanale & Sons, Inc.***
***(General Maritime Law/Jones Act - Intentional/Negligent Failure to Provide Maintenance and Cure)***

33. The defendant repeats its responses set forth in paragraphs 1 through 32.

34. Denied.

35. Admit demand has been made and plead that all legal requirements for payment have been satisfied.

36. Denied.

37. Denied.

WHEREFORE, defendant, demands judgment against plaintiff.

**COUNT V**
***Michael DeCicco v. F/V Barbara Ann, Inc.***
***(Jones Act Negligence)***

38. The defendant repeats its responses set forth in paragraphs 1 through 37.

39. Denied.

40. Admit the occurrence of an injury and deny the remaining allegations.

41. Admitted. However, defendants plead venue is properly found in the District of Rhode Island under 28 U.S.C. §1404.

WHEREFORE, defendant, demands judgment against plaintiff.

**COUNT VI**
***Michael DeCicco v. F/V Barbara Ann, Inc.***
***(General Maritime Law - Unseaworthiness)***

42. The defendant repeats its responses set forth in paragraphs 1 through 20.

43. Denied.

44. Admit the occurrence of an injury and deny the remaining allegations.

45. Admit subject matter jurisdiction but deny that the action is properly brought in the District of Massachusetts, as it should be brought in the District of Rhode Island.

WHEREFORE, defendant, demands judgment against plaintiff.

**COUNT VII**
***Michael DeCicco v. F/V Barbara Ann, Inc.***
***(General Maritime Law - Maintenance and Cure)***

46. The defendant repeats its responses set forth in paragraphs 1 through 45.

47. Denied.

WHEREFORE, defendant, demands judgment against plaintiff.

**COUNT VIII**
***Michael DeCicco v. F/V Barbara Ann, Inc.***
***(General Maritime Law/Jones Act -***
***Intentional/Negligent Failure to Provide Maintenance and Cure)***

48. The defendant repeats its responses set forth in paragraphs 1 through 47.

49. Denied.

50. Admit that the defendant has paid maintenance and cure.

51. Denied.

52. Denied.

WHEREFORE, defendant, demands judgment against plaintiff.

**FIRST AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CLAIM**

The defendants plead that the plaintiff failed to state a claim upon which relief can be granted, as there are no punitive damages available nor claims for attorneys' fees for failure to pay maintenance and cure.

**SECOND AFFIRMATIVE DEFENSE**
**LACK OF DUE CARE AND NEGLIGENCE OF PLAINTIFF**

The defendant affirmatively pleads that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise his duty of care, skill and knowledge in the performance of his work reasonably to be required of a fisherman of the plaintiff's experience, and not due to any negligence or fault on the part of the defendants or any persons for whom the defendants may be legally responsible.

**THIRD AFFIRMATIVE DEFENSE**
**VIOLATION OF THE PRIMARY DUTY RULE**

Plaintiff's injury and damages, if any, was due to plaintiff's failure to observe and adhere to the primary duty rule to exercise his duty of care, skill and knowledge in the performance of his work reasonably required of him.

**FOURTH AFFIRMATIVE DEFENSE**
**CONTRIBUTORY NEGLIGENCE**

The plaintiff failed to observe and employ a safe alternative practice, thus contributing to his own injury.

**FIFTH AFFIRMATIVE DEFENSE**
**NO MAINTENANCE AND CURE - PLAINTIFF FOUND FIT FOR DUTY**

The defendants affirmatively plead that if the plaintiff was injured as alleged, which is specifically denied, after such injury occurred, the plaintiff had been found fit for duty for service onboard the defendants' vessel, has reached maximum medical improvement, and the defendants owe no further maintenance and cure to the plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**
**INTERVENING CAUSE**

The defendants affirmatively plead that if the plaintiff was injured as alleged, which is specifically denied, such injury is due to an intervening event for which the defendants are not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**
**LIMITATION OF LIABILITY**

The defendants affirmatively plead that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge or privity of the defendants; that the damages claimed herein exceed the value of the vessel, including its pending freight; and the defendants herewith claim benefit of any and all laws and statutes of the United States of America, of and concerning Limitation of Liability of the defendants, including 46 U.S.C. 183 (b).

**EIGHTH AFFIRMATIVE DEFENSE**
**ACCORD & SATISFACTION**

The defendants state that if plaintiff was entitled to maintenance and cure, he has been fully compensated for each.

**NINTH AFFIRMATIVE DEFENSE**
**JURISDICTION**

This court lacks in personam jurisdiction over the defendants due to the lack of minimum contacts with the Commonwealth of Massachusetts.

**TENTH AFFIRMATIVE DEFENSE**
**NOTICE**

Defendants affirmatively plead lack of notice. Plaintiff failed to notify or request payments for maintenance or cure after reaching maximum medical improvement.

Defendants hereby demand a trial by jury.

DEFENDANTS,
By their Attorney,

J. Renn Olenn, Esq. BBO#642090
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 11/16/05 to:

Carolyn M. Latti, Esq.
LATTI AND ANDERSON
30-31 Union Wharf
Boston, MA 02109

Maureen E. Sundin